FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 14, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JACK B.,<br><br>                Plaintiff,<br><br>   -vs-<br><br>MARTIN O'MALLEY, Commissioner of Social Security,[1]<br><br>                Defendant. | No.   4:23-CV-5068-WFN<br><br>ORDER GRANTING PLAINTIFF'S MOTION |

Pending before the Court are Plaintiff's Motion for Summary Judgment and the Commissioner's Motion for Summary Judgment. ECF Nos. 12, 14. Attorney Chad Hatfield represents Jack B. (Plaintiff); Special Assistant United States Attorney Frederick Fripps represents the Commissioner of Social Security (Defendant). After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS** Plaintiff's motion, **DENIES** Defendant's motion, and **REMANDS** the matter for further proceedings under sentence four of 42 U.S.C. § 405(g).

## JURISDICTION

Plaintiff filed an application for benefits on January 13, 2020, later alleging disability since July 22, 2016. The applications were denied initially and upon reconsideration. Administrative Law Judge (ALJ) Marie Palachuk held a hearing on February 24, 2022, and issued an unfavorable decision on March 15, 2022. Tr. 29-38. The Appeals Council denied

---

[1] This action was originally filed against Kilolo Kijakazi in her capacity as the acting Commissioner of Social Security. Martin O'Malley is substituted as the defendant because he is now the Commissioner of Social Security. *See* Fed. R. Civ. P. 25(d).

ORDER GRANTING
PLAINTIFF'S MOTION - 1

review on March 1, 2023. Tr. 1-6. Plaintiff appealed this final decision of the Commissioner on May 4, 2023. ECF No. 1.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1098; *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Sec'y of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). In steps one through four, the claimant bears the burden of establishing a prima facie case of disability. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment

prevents the claimant from engaging in past relevant work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) the claimant can make an adjustment to other work and (2) the claimant can perform other work that exists in significant numbers in the national economy. *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## ADMINISTRATIVE FINDINGS

On March 15, 2022, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act. Tr. 29-38.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since January 13, 2020, the application date. Tr. 31.

At step two, the ALJ determined Plaintiff had the following severe impairments: asthma, obesity, depressive disorder, and schizophrenia disorder. Tr. 31.

At step three, the ALJ found these impairments did not meet or equal the requirements of a listed impairment. Tr. 32.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and determined Plaintiff could perform a full range of work at all exertional levels subject to the following limitations:

> No ladders, ropes, or scaffolds. He must avoid more than moderate exposure to respiratory irritants and avoid all exposure to hazards. He is able to understand, remember and carry out simple, routine tasks and maintain concentration, persistence, and pace for two-hour intervals between regularly scheduled breaks. He can have no interaction with the public, but can have occasional and superficial interaction with coworkers.

Tr. 33.

At step four, the ALJ found Plaintiff has no past relevant work. Tr. 36.

ORDER GRANTING
PLAINTIFF'S MOTION - 3

At step five, the ALJ found there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. Tr. 37.

The ALJ thus concluded Plaintiff has not been disabled since the application date. Tr. 38.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff raises the following issues for review: (A) whether the ALJ properly evaluated the medical opinion evidence; (B) whether the ALJ properly evaluated Plaintiff's subjective complains; (C) whether the ALJ erred at step three; and (D) whether the ALJ erred at step five. ECF No. 12 at 8.

## DISCUSSION

**A.    Medical Opinions**

Under regulations applicable to this case, the ALJ is required to articulate the persuasiveness of each medical opinion, specifically with respect to whether the opinions are supported and consistent with the record. 20 C.F.R. § 416.920c(a)-(c). An ALJ's consistency and supportability findings must be supported by substantial evidence. *See Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022). Plaintiff argues the ALJ misevaluated the opinion of Jerry Toews, M.D., the testifying medical expert. ECF No. 12 at 11-12. As discussed below, the Court agrees.

Dr. Toews opined that Plaintiff has no limitation in understanding, remembering, or applying information; no limitation in interacting with others; a mild limitation in concentrating, persisting, or maintaining pace; and a mild limitation in adapting or managing oneself. Tr. 35. The ALJ found this opinion supported based on (1) "mental status exams within normal limits," citing two isolated treatment notes related to Plaintiff's potential sleep condition (Tr. 685, 687), and (2) "the record indicat[ing] that he can interact well with others at the institution," citing, without specification, the "Hearing Testimony." Tr. 35. Substantial evidence supports neither ground. As to the former, the evidence proffered in

support of the finding consists of two pages of treatment notes relating to Plaintiff's potential sleep condition. *See* Tr. 685 (discussing use of BiPAP when sleeping); Tr. 687 (discussing results of sleep apnea-related study). Neither speak to Plaintiff's schizophrenia disorder. In any event, an ALJ "cannot simply pick out a few isolated instances" of medical health that support her conclusion, but must consider those instances in the broader context "with an understanding of the patient's overall well-being and the nature of [his] symptoms." *Attmore v. Colvin*, 827 F.3d 872, 877 (9th Cir. 2016). As to the latter, the ALJ failed to cite to specific evidence in support of this finding. It is not the job of the reviewing court to comb the administrative record to find specific conflicts. *Burrell v. Colvin*, 775 F.3d 1133, 1138 (9th Cir. 2014). To the extent the ALJ credited and adopted portions of the opinion, the Court concludes the ALJ's evaluation is not supported by substantial evidence.

B.     **Subjective Complaints**

Plaintiff contends the ALJ erred by not properly assessing Plaintiff's symptom complaints. ECF No. 12 at 14-19. Where, as here, the ALJ determines a claimant has presented objective medical evidence establishing underlying impairments that could cause the symptoms alleged, and there is no affirmative evidence of malingering, the ALJ can only discount the claimant's testimony as to symptom severity by providing "specific, clear, and convincing" reasons supported by substantial evidence. *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017). The Court concludes the ALJ failed to offer clear and convincing reasons to discount Plaintiff's testimony.

The ALJ first discounted Plaintiff's testimony as inconsistent with the medical evidence, to include Plaintiff's response to treatment. Tr. 34-35. However, because the ALJ erred in evaluating the opinion of the testifying medical expert, and necessarily failed to properly evaluate the medical evidence, as discussed above, this is not a valid ground to discount Plaintiff's testimony.

The ALJ next discounted Plaintiff's testimony as inconsistent with his activities. In support, the ALJ noted Plaintiff "is able to grocery shop, drive, and read" and that Plaintiff's "hobbies include watching television, creative writing, reading, and sports." Tr. 35.

ORDER GRANTING
PLAINTIFF'S MOTION - 5

However, these activities neither "meet the threshold for transferable work skills," *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (citing *Fair*, 885 F.2d at 603), nor sufficiently undermine Plaintiff's allegations, *see Diedrich v. Berryhill*, 874 F.3d 634, 643 (9th Cir. 2017) ("House chores, cooking simple meals, self-grooming, paying bills, writing checks, and caring for a cat in one's own home, as well as occasional shopping outside the home, are not similar to typical work responsibilities."); *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) ("Several courts, including this one, have recognized that disability claimants should not be penalized for attempting to lead normal lives in the face of their limitations."); *Popa v. Berryhill*, 872 F.3d 901, 906 (9th Cir. 2017) (holding that the ALJ erred in failing to provide any explanation as to why claimant's activities established that the claimant possessed the ability to maintain regular attendance at work).

The ALJ accordingly erred by discounting Plaintiff's testimony.

## SCOPE OF REMAND

This case must be remanded because the ALJ harmfully misevaluated the medical evidence and Plaintiff's testimony. Plaintiff contends the Court should remand for an immediate award of benefits. ECF No. 12 at 20-21. Such a remand should be granted only in a rare case and this is not such a case. The medical evidence and Plaintiff's testimony must be reweighed and this is a function the Court cannot perform in the first instance on appeal. Further proceedings are thus not only helpful but necessary. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015) (noting a remand for an immediate award of benefits is an "extreme remedy," appropriate "only in 'rare circumstances'") (quoting *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014)).

Because the ALJ misevaluated the medical evidence and Plaintiff's testimony, the ALJ will necessarily need to reassess her step three finding – which was based on the ALJ's assessment of both the medical evidence and Plaintiff's testimony – and determine whether the RFC needs to be adjusted. For this reason, the Court need not reach Plaintiff's remaining assignments of error. *See PDK Labs. Inc. v. DEA*, 362 F.3d 786, 799 (D.C. Cir. 2004) ("[I]f

ORDER GRANTING
PLAINTIFF'S MOTION - 6

it is not necessary to decide more, it is necessary not to decide more.") (Roberts, J., concurring in part and concurring in the judgment).

On remand, the ALJ shall reevaluate the opinion of Dr. Toews, reassess Plaintiff's testimony, reevaluate Plaintiff's claims at step three, redetermine the RFC as needed, and proceed to the remaining steps as appropriate.

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for further proceedings under sentence four of 42 U.S.C. § 405(g). Accordingly,

**IT IS ORDERED** that:

1. Plaintiff's Motion for Summary Judgment, filed September 12, 2023, **ECF No. 12**, is **GRANTED**.

2. Defendant's Motion for Summary Judgment, filed October 12, 2023, **ECF No. 14**, is **DENIED**.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

**DATED** this 14th day of March, 2024.

03-13-24

WM. FREMMING NIELSEN
SENIOR UNITED STATES DISTRICT JUDGE

ORDER GRANTING
PLAINTIFF'S MOTION - 7